IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| APRIL KIMBROUGH | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:04CV589 |
| | § | |
| HARRISON COUNTY, MISSISSIPPI | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is Defendant Harrison County, Mississippi's Motion for Summary Judgment [22]. The Plaintiff has filed a response, and Harrison County has replied. After due consideration of the submissions, the Court finds that Plaintiff Kimbrough has failed to show any question of material fact for the jury in this employment case. Therefore, Defendant Harrison County is entitled to judgment as a matter of law.

DISCUSSION

Plaintiff Kimbrough, a Black woman, was a child care worker at the Harrison County Youth Court Shelter for just over nine years when she was terminated in 2004. Kimbrough had received a number of reprimands over the course of her employment, many involving Kimbrough's complaints about her working conditions. *See* Def. Exh. "A." For example, in May 1996, Kimbrough was observed "loudly complaining and declaring that she would not care for a particular child who was in the shelter." *Id.* In November 1996, Kimbrough complained in writing that she got no respect from the Youth Court staff or from minors in the shelter. *Id.* In March 2002, Kimbrough called both her immediate supervisor and the shelter administrator yelling and demanding that something be done about a minor who was calling her a "bitch." *Id.*

Kimbrough was terminated when the shelter administrator received a letter from a

community volunteer who had raised money for and was the chairman of the "Playground of Hope" project for the shelter. The volunteer wrote that she was at the shelter and invited Kimbrough and others to the dedication for the playground.

> Immediately, April began to speak loudly and angrily, stating that <u>she was very upset that the donations of money was going to build the kids a playground when she "only had two raises in ten years."</u> As she sat on the sofa doing absolutely nothing, she continued yelling and complaining that she made $8.42 an hour and I needed to work on getting her a raise! I was outraged by her comments, and she made no apologies for her actions.

Plaintiff's Exh. 7 (emphasis in original).

After receiving this letter, the administrator decided to terminate Kimbrough's employment. She explained:

> One incident - if that was the only incident that I had ever had in dealing with April Kimbrough, a dismissal at that time would never been requested. But it has not been the case. There has been a history of speaking loudly, speaking angrily, saying what she wants to say whether it's in the presence of children that shouldn't be hearing it or in the presence of volunteers, or whether you're being called in to speak with your administrator. Again, there would never be any acknowledgment of anything ever having been done wrong on her part, but rather I had the problem or the previous administrator had the problem.

Def. Exh. 4, pgs. 15-16.

Shortly after Kimbrough's termination, her counsel requested an administrative hearing, which request was denied. Plaintiff's Exh. 3. Kimbrough alleges in her complaint that she filed a charge of discrimination with the EEOC and received a Right to Sue letter on March 30, 2004. She brings claims of racial discrimination, retaliation, and violations of her First and Fourteenth Amendment rights. Harrison County moves for summary judgment in its favor on each of these claims.

RACIAL DISCRIMINATION:

Kimbrough alleges that Harrison County has shown preferential treatment to Caucasian employees by disciplining her through termination, but not terminating her Caucasian co-workers for similar or worse conduct. In particular, she cites the treatment of Glenda Perkins, a Caucasian woman, who "was reprimanded, suspended without pay, terminated for failing to properly supervise a child and as a result, the child was sexually assaulted. Yet, despite this atrocious act, Ms. Perkins was rehired and remains an employee." Plaintiff's Complaint, pg. 2.

The evidence shows that Ms. Perkins was terminated for incompetence by Ms. Kaletsch in 1990, when Kaletsch was assistant administrator. Def. Exh. 4, pg. 24-26. The administrator was out of town, making it necessary for Kaletsch to assume administrator responsibilities. *Id.*, pg. 26. Ms. Perkins was improperly supervising a group of toddlers, two of whom wandered away and were returned by other staff members. *Id.*, pg. 25-26. Although Kaletsch recommended that Perkins not be rehired, when the administrator returned, she "met with whoever the county people were at that time in the personnel department," and "it was her decision to hire [Perkins] back. I didn't have any control over that." *Id.* at 26. Perkins was terminated by Kaletsch again in 2004, Def. Exh. 5, pg. 8, for giving medication improperly. Def. Exh. 4, pg 28. Kaletsch stated that "when I spoke to Ms. Perkins, Ms. Perkins acknowledged what she had done, and always had done that." *Id*. at 38. Kaletsch noted an important difference between Perkins and Kimbrough:

> In fact, I mean, this is what I'm telling you the difference has been. I had to speak with a lot of employees over that time in terms of problems, and people were willing to acknowledge it. They didn't yell at me, they didn't scream at me, and they didn't tell me, Do whatever you got to do because I'm going to – you know, I basically can't change. This is the way I am.

-3-

*Id.*  Perkins was not rehired by Harrison County after her termination in 2004.  Def. Exh. 5, pg. 8.

To establish a claim of discriminatory discharge, a plaintiff must first establish a *prima facie* case of discrimination.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).  Defendant may then offer a legitimate, non-discriminatory reason for the termination, at which time the plaintiff must "'offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristics (mixed-motive[s] alternative).'" *Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 341 (5th Cir. 2005)(quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

To prove a *prima facie* case of discrimination, a plaintiff must establish that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, show that other similarly situated employees were treated more favorably.  *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

Harrison County does not dispute the first three elements of Plaintiff's *prima facie* case.  Kimbrough is a member of a protected class, was qualified for her position, and was subject to an adverse employment action.  Harrison County contends that Kimbrough cannot show evidence of the fourth element: that she was replaced by someone outside her protected class, or other similarly situated employees were treated more favorably.  *Bryan*, 375 F.3d at 360.

Summary judgment may be used to dispose of cases where a Plaintiff fails to show that she was treated less favorably than similarly situated persons outside her protected class.  *Blakely*

*v. First Mississippi Federal Credit Union*, 2006 WL 2243203 (S.D. Miss., Aug. 4, 2006).  The Court must examine whether the Plaintiff and her comparator are similarly situated in all relevant respects and whether her employer gave preferential treatment to another employee under "nearly identical" circumstances.  *Bryant v. Compass Group USA Inc.*, 2005 WL 1404959, *5 (5th Cir., June 16, 2005).  Factors to be considered include the conduct of the employee, the supervisor involved in any employment action and the employer's perception of the seriousness or severity of the employer's conduct.  *Little v. Republic Refining Co., Ltd.,* 924 F.2d 93, 97 (5th Cir. 1991).

  The Court finds that even if Ms. Perkins and the Plaintiff were similarly situated employees,  Harrison County did not give preferential treatment to Ms. Perkins under "nearly identical" circumstances.  Both Plaintiff and Ms. Perkins held the same position under the same supervisors.  Both were terminated by Ms. Kaletsch - Ms. Perkins twice.  Ms. Kaletsch did not rehire Perkins and would not have rehired her, had it been Kaletsch's decision to make.  Def. Exh. 4, pg. 26.  Nevertheless, Kaletsch testified that while Perkins acknowledged her mistakes and always had, Kimbrough showed "a total lack of respect for authority."  Def. Exh. 4, pg. 19. *See Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005)(differences in admitting conduct relevant in determining whether similarly situated employee under nearly identical circumstances was treated differently).  Kaletsch "had a history of contact with April and usually it was a yelling and screaming at me."  *Id*. at 36.

> I would ask her to speak quietly [at meetings], that I didn't want the rest of the entire court to know what was going on in our office.  They didn't need to know.  She had to speak to me loudly.  She yelled.  She was angry.  If I would ask her to keep her voice down, to bring it down, we could talk about the problem, she continued to yell and to be very angry.

*Id.* at 17.  Furthermore, the fact that Kimbrough had offended a volunteer whose work was

important to the shelter was perceived by Kaletsch as unhelpful to the shelter's mission:

> There's not enough money that is budgeted to that shelter to run it properly. You have to have outside help. ... Without that, if you turn volunteers away, and all it takes sometimes is doing it to one because that one goes out into the community and says, Do you know what I put up with? So that was my fear as an administrator.

*Id* at 16.

Reviewing all of the facts and circumstances of this case, Ms. Perkins' actions cannot be said to be "nearly identical" to the acts committed by Kimbrough, and she is therefore not a "similarly situated" employee under "nearly identical circumstances" who was treated differently. Kimbrough has not shown evidence of the fourth element of her *prima facie* case.

Even if she had established a *prima facie* case of racial discrimination, Kimbrough has presented no evidence that might be viewed as casting doubt on Harrison County's proffered reason for Kimbrough's discharge. There is a similar lack of evidence suggesting that Kimbrough's race was a motivating factor for her discharge. Harrison County is therefore entitled to judgment as a matter of law on Plaintiff's racial discrimination claim.

RETALIATION AND FREE SPEECH:

Plaintiff's next two claims merge: that she was retaliated against[1] for "making a statement and voicing her concern regarding pay for all employees" and that she was entitled by the First Amendment to speak "on behalf of all county employees who receive little pay and worked without having received a raise in years."

In light of the competing interests of government employees in free expression and the

---

[1] Plaintiff makes no claim for retaliation under Title VII. Any such claim would be subject to dismissal in any event; the protected activity took place after Plaintiff's termination.

government in efficiency of its operations, the Supreme Court has held that the First Amendment precludes retaliation against a public employee based upon her expression only if that expression satisfies two criteria. First, the expression must relate to a matter of public concern. Second, the employee's interest in commenting upon matters of public concern must outweigh the public employer's interest in promoting the efficiency of the public services it performs through its employees. If a public employee establishes that her expression is protected by meeting the above two criteria, she must still prove that her expression caused the retaliatory act of which she complains in order to establish a violation of the First Amendment. *Jones v. Collins*, 132 F.3d 1048, 1053 (5th Cir. 1998)(citations and quotation marks omitted).

Courts must examine content, form, and context of a given statement, as revealed by the whole record, in assessing whether public employee's speech addresses a matter of public concern for First Amendment purposes. *City of San Diego, Cal. v. Roe,* 543 U.S. 77, 83 (2004). Here, Plaintiff made a comment to a community volunteer to the effect that the money spent on the playground could be better spent on raises for herself and other county employees. In the Court's view, the content, form and context of this statement lead to the conclusion that Plaintiff's speech did not address a matter of public concern. Plaintiff's expression is therefore not protected by the First Amendment. Accordingly, the Defendant is entitled to judgment as a matter of law on this claim.

FOURTEENTH AMENDMENT DUE PROCESS:

Plaintiff alleges that, as a non-probationary employee of nine years, she had established a property interest in her position. She further alleges that the pre-termination lack of notice and the County's failure to provide her with a post-deprivation hearing violated her due process

rights.

The evidence shows that Kimbrough had no property interest in continued employment with Harrison County.  Def. Exh. "B."  She was an "at-will" employee subject to dismissal for any reason or none at all.  *Id.*; *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss. 1987).  The Defendant is therefore entitled to judgment as a matter of law on this claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Harrison County, Mississippi's Motion for Summary Judgment [22] is **GRANTED**.  The Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE