IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **APRIL KIMBROUGH** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:04CV589** |
| | § | |
| **HARRISON COUNTY, MISSISSIPPI** | § | **DEFENDANT** |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

THE MATTER BEFORE THE COURT is Plaintiff's Motion for Reconsideration [41], filed September 11, 2006 pursuant to FED. R. CIV. P. 60.  Plaintiff contends that the Court "inadvertently" dismissed her racial discrimination claim in its written memorandum opinion and order after stating in a pretrial conference that Plaintiff had met her burden in regard to the racial discrimination claim.  She requests reversal of the Court's ruling on the racial discrimination claim for this reason.

Under Rule 60(b)(1), "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons; (1) mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The "mistake" or "inadvertence" referred to in the rule can apply to the court's own error. *Oliver v. Home Indem. Co.,* 470 F.2d 329, 330 (5th Cir. 1972).   A district court "undoubtedly has the power to vacate a judgment in appropriate circumstances and rehear the case."  *Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884, 887 (5th Cir. 2004), citing  *Moore's Federal Practice 3D,* § 304.14[5].

The Court finds that Plaintiff has not shown circumstances appropriate for vacating its judgment dismissing all of Plaintiff's claims, including the claim for racial discrimination.  Even if the Court's statement during pretrial conference had been an order, it is well-established that a district court has inherent authority to modify, vacate, or set aside interlocutory orders when the

interests of justice require. *See* FED. R. CIV. P. 54(b) (an order of the district court is subject to revision at any time before entry of judgment adjudicating all claims of all parties); *see also Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1414 (5th Cir.1993) (district court has discretion to revise interlocutory order prior to entry of final judgment). For the reasons stated in its memorandum opinion and order, the Court ultimately determined that Plaintiff had failed to show that there was a question of material fact for the jury as to her racial discrimination claim. Accordingly, Plaintiff's Motion for Reconsideration is not well-taken and should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Reconsideration [41], filed September 11, 2006 pursuant to FED. R. CIV. P. 60 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of September, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
